## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

Case No:

**LUIS YASSET RUBIO ABELLA**,

    Plaintiff,

vs.

**MARKSMAN SECURITY CORP.**

    Defendant.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff LUIS YASSET RUBIO ABELLA, through his undersigned counsel, and files this Complaint under 42 U.S.C. §1981 and states:

## **INTRODUCTION**

1. Plaintiff files this Complaint and complains of discrimination on the basis of race/national origin under 42 U.S.C. §1981.

2. This action seeks compensatory and punitive damages, emotional distress and mental anguish damages, and attorneys' fees.

## **PARTIES**

3. Plaintiff, Luis Yasset Rubio Abella, is a resident of Miami, Florida.

4. Defendant, Marksman Security Corporation, is a Florida corporation authorized to do business in the State of Florida, and service is authorized on its registered agent: Ezekiel Kaufman, 3230 West Commercial Boulevard, Suite 100, Fort Lauderdale, Florida 33309.

## VENUE

5. Venue is appropriate in the United States District Court for the Southern District of Florida in that the Defendant's headquarters are located in this District, Plaintiff lives in this District, and the acts complained of occurred in this District as required under 28 U.S.C. §1391.

## JURISDICTION

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

8. All conditions precedent to the filing of this action have been met by Plaintiff, in that the filing of this lawsuit has been accomplished within the statute of limitations as required under 42 U.S.C. §1981.

## FACTS

9. Plaintiff was hired by Defendant in August of 2015.

10. At the time of his termination from the Defendant's employ on May 26, 2020, Plaintiff was a security guard for Defendant.

11. Plaintiff was born in Cuba and is Hispanic.

12. Plaintiff was the only employee at Defendant whose primary language was Spanish.

13. While Plaintiff was employed by Defendant, he was subjected to discrimination and a hostile work environment based on his race/national origin.

14. When Plaintiff requested time off, Defendant did not permit him to take time off until all other employees' leave requests were granted.

15. Non-Hispanic employees often were granted vacation time at times when Plaintiff was denied vacation time.

16. Whenever Plaintiff made a complaint to Defendant about the conditions of his employment, Defendant did not respond. However, Plaintiff observed Defendant respond to non-Hispanic employees' complaints.

17. Defendant was aware that Plaintiff did not speak English very well, but Defendant's supervisors continuously gave him orders speaking very quickly in English, so he could not understand. When Plaintiff asked them to repeat the orders more slowly so that he could understand, they refused.

18. Finally, Plaintiff was terminated because of his race/national origin.

## COUNT I: RACE/NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §1981

19. Plaintiff incorporates the allegations made in Paragraphs 1 through 18 herein.

20. Title 42 U.S.C. §1981, *inter alia*, protects at-will employees from employment discrimination on the basis of race because at-will employment in Florida is a form of contract. *Knight v. Palm City Millwork & Supply Co.*, 78 F. Supp. 2d 1345, 1346-48 (S.D. Fla. 1999); *Wilson v. Boca W. Master Ass'n*, 2019 U.S. Dist. LEXIS 44010 (S.D. Fla. 2019). Defendant offered to pay Plaintiff for his work, and Plaintiff accepted that offer by performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

21. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

22. Plaintiff was subjected to workplace discrimination because of his race/national origin.

23. Had Plaintiff not been a Hispanic person, Defendant would not have subjected Plaintiff to workplace discrimination.

24. Plaintiff was subjected to a hostile work environment because of his race/national origin.

25. Had Plaintiff not been a Hispanic person, Defendant would not have subjected Plaintiff to a hostile work environment.

26. Plaintiff was terminated because of his race/national origin.

27. Had Plaintiff not been a Hispanic person, Defendant would not have terminated Plaintiff's employment.

28. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

29. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

30. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to

represent him in these proceedings.  Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## JURY TRIAL DEMANDED

31.     Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff requests damages and reasonable attorney fees from Defendant pursuant to the 42 U.S.C. §1981, and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, exemplary damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**Dated: May 25, 2021**                                **COANE AND ASSOCIATES, PLLC**

By:     /s/ Arthur Mandel
**Arthur Mandel**
Florida Bar No. 22753
Email: Arthur.mandel@coane.com
1250 E. Hallandale Beach Blvd., Suite 303
Phone: (305) 538-6800
Fax: (866) 647-8296
***ATTORNEYS FOR PLAINTIFF***

**Coane and Associates, PLLC**

**Bruce A. Coane**
bruce.coane@gmail.com
S.D. Tex. #7205
5177 Richmond Ave., Suite 770
Houston, TX 77056
Phone: (713) 850-0066
Fax: (713) 850-8528
***OF COUNSEL FOR PLAINTIFF***